{¶ 19} I concur in the judgment of the majority as to all matters except for the disposition of the second assignment of error. As to the second assignment of error, I dissent. I would not find that the defendant must object to the trial court's erroneous sentencing procedure. I would find error in the sentencing procedure of the trial judge and remand the matter for re-sentencing.
 {¶ 20} In overruling Appellant's second assignment of error, the majority draws its standard of review from R.C. 2953.08(G)(2). However, the majority ignores the mandates of R.C. 2953.08(G)(1) which provides:
"If the sentencing court was required to make the findings required by division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code relative to the imposition or modification of the sentence, and if the sentencing court failed to state the required findings on the record, the court hearing an appeal under division (A), (B), or (C) of this section shall remand thecase to the sentencing court and instruct the sentencing court to state, on the record, the required findings." (Emphasis added.)
While appellant has certainly challenged the underlying substance that would support the reasons for imposing his sentence, he has also clearly raised the procedural error in his sentencing. This Court cannot ignore such an argument by noting that "the crux" of appellant's argument lies elsewhere. While the statutory interpretation made by State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, may result in more automatic reversals, this court is "nevertheless bound by that decision and 
cannot simply contrive reasons to avoid its application." State v.Wheeler, 4th Dist. No. 04CA1, 2004-Ohio-6598, at ¶ 16. Accordingly, I would sustain appellant's second assignment with respect to the statutory findings and remand the matter with instructions that the trial court place the appropriate findings on the record.